# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RONALD JONES and DONALD JONES, | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:08-cv-245 |
| BUDDY GREGG MOTOR HOMES LLC and COUNTRY COACH LLC, | ) |
| Defendants. | ) (Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' Motion for Partial Summary Judgment [Doc. 12]. The plaintiffs request that the court declare defendant Country Coach LLC ("Country Coach") "insolvent" within the meaning of the Tennessee Products Liability Act of 1978, T.C.A. § 29-28-106(b). However, in their Motion for Partial Judgment [Doc. 12], the plaintiffs failed to provide a factual basis as to why defendant Country Coach is "insolvent."

On October 29, 2009, the court ordered the plaintiffs to file briefs on the "insolvency" issue. [Doc. 22]. On December 8, 2009, the plaintiffs filed briefs with the court. [Doc. 27]. Defendant Country Coach has not responded to the plaintiffs' Motion for Partial Summary Judgment [Doc. 12]. Having now considered the plaintiffs' brief, the court finds that defendant Country Coach is "insolvent" within the meaning of T.C.A. § 29-28-106(b). For the reasons that follow, the plaintiffs' Motion for Partial Summary Judgment [Doc. 12] is **GRANTED.**

**I.  Standard of Review**

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary

1

judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zendith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also, e.g.*, *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 397 (6th Cir. 2007) ("The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party."). With regard to issues where the moving party will not bear the ultimate burden of proof at trial, "the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to demonstrate the existence of genuine issues of material fact. *Id.* at 324. The nonmoving party demonstrates the existence of genuine issues of material fact by "going beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file ....' " *Id.* If the nonmoving party fails to meet this burden, the moving party is entitled to summary judgment.

## II. Analysis

### A. Introduction

The plaintiffs allege that defendant Buddy Gregg Motor Homes LLC ("BGMH"), the seller of an allegedly defective product, violated the Tennessee Consumer Protection Act, T.C.A. § 47-18-

101, *et seq.* [Doc. 1-1 at 9]. However, before a plaintiff may bring a strict liability action against the seller of an allegedly defective product, the plaintiff must demonstrate that the manufacturer of the product is "insolvent" within the meaning of T.C.A. § 29-28-106(b). In this case, defendant Country Coach is the manufacturer of the allegedly defective product. Accordingly, it is the plaintiffs' burden to prove that Country Coach is "insolvent."

As the court explained in its order on October 29, 2009, there are multiple ways to show that a party is "insolvent" within the meaning of T.C.A. § 29-28-106(b). [Doc. 22 at 4-5]. On December 8, 2009, the plaintiffs submitted a brief on the "insolvency" issue. [Doc. 27]. Plaintiffs argue that defendant Country Coach is "insolvent" under both the "equity insolvency" and "balance sheet" tests.

### B. "Equity Insolvency" Test

Under the "equity insolvency" test, the court analyzes "whether the person or corporation is able to meet its obligations as they come due in the ordinary course of business." *Seals v. Roebuck & Co., Inc.*, 688 F.Supp. 1252, 1258 (E.D.T.N. 1988).

The court begins its analysis by recognizing that defendant Country Coach is a party in a bankruptcy proceeding, *In Re: Country Coach, LLC, Debtor*, United States Bankruptcy Court for the District of Oregon, Case No. 09-60419-aer11. In that proceeding, Country Coach disclosed that it had defaulted in payments due to Wells Fargo. [Doc. 27 at 1-2]. County Coach has defaulted in these payments since May 2009. [*Id*. at 3]. Coupled with the fact that Country Coach had a net loss between February and October 2009, it is clear that it has been unable to meet its obligations as they become due. [*Id*.]. Accordingly, the court finds that Country Coach is "insolvent" under the "equity insolvency" test.

3

### C. "Balance Sheet" Test

Under the "balance sheet" test, a manufacturer is insolvent "when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." *Seals*, 688 F. Supp. at 1258.

On November 20, 2009, a Bankruptcy Analyst with the Office of the United States Trustee found that defendant Country Coach's assets have decreased by $11,620,537 since February 2009, while its liabilities have increased by $11,351,234. [Doc. 27 at 4]. As a result, the company's equity (total assets minus total liabilities) is a negative $23,612,342. It is clear that at the present moment defendant Country Coach's assets are less than the amount required to pay its probable liability on existing debts as they mature. Accordingly, the court finds that Country Coach is "insolvent" under the "balance sheet" test.

### III. CONCLUSION

Having applied both the "equity insolvency" and "balance sheet" tests, the court finds that there is no genuine issue of material fact regarding whether defendant Country Coach is "insolvent" within the meaning of T.C.A. § 29-28-106(b). Accordingly, the plaintiffs' Motion for Partial Summary Judgment [Doc. 12] is **GRANTED**.

Because the court finds that defendant Country Coach is "insolvent" within the meaning of T.C.A. § 29-28-106(b), the parties are not required to present argument on this issue during the status hearing scheduled for February 1, 2010, at 1:00 p.m. However, the parties are still required to present argument regarding Miller & Martin PLLC's Motion to Withdraw As Counsel for BGMH [Doc. 17].

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
     United States District Judge