UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD JONES and DONNA JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:08-CV-245 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| BUDDY GREGG MOTOR HOMES, INC., ) | |
| COUNTRY COACH LLC, and ) | |
| COUNTRY COACH, INC., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 50] referring Plaintiffs' Petition for Fees and Costs [Doc. 43] and Plaintiffs' Supplemental Petition for Fees and Costs [Doc. 47] to this Court for report and recommendation.

**I. BACKGROUND**

On January 28, 2005, the Plaintiffs purchased a new motor home from Defendant Buddy Gregg Motor Homes LLC ("Buddy Gregg"). [Doc. 1-1 at ¶ 10]. The motor home was manufactured by Defendant Country Coach, LLC ("Country Coach"). [Doc. 1-1 at ¶ 10]. The Plaintiffs alleged that the motor home had a variety of defects including electrical issues, faulty doors, transmission hanging, defects in the toilet and tank system, defective heating and cooling systems, etc. [Doc. 1-1 at ¶ 13-22]. The Plaintiffs and Defendants exchanged various correspondence attempting to resolve

their conflicts over the motor home's alleged defects, and eventually, the 2005 motor home was exchanged for a 2007 model of the motor home. The Plaintiffs allege that the 2007 motor home also had a plethora of defects. [Doc. 1-1 at ¶ 33-48].

On October 17, 2007, the Plaintiffs filed suit in state court against the Defendants alleging violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, and violations of the Uniform Commercial Code, as adopted in Tennessee, Tenn. Code. Ann. § 47-2-101, *et seq.* The action was removed to this Court on June 27, 2008, and on October 29, 2009, the Court granted the Plaintiffs' Motion for Voluntary Dismissal and Partial Summary Judgment [Docs. 12 and 22]. The Court found Country Coach, LLC, successor in interest to Country Coach, Inc., to be insolvent within the meaning of Tennessee Code Annotated § 29-28-106, which cleared the way for the Plaintiffs to pursue a judgment against the seller of the motor home, Buddy Gregg.

On April 19, 2010, the Clerk of Court filed an Entry of Default [Doc. 40] against Buddy Gregg, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On May 19, 2010, the Court entered a Default Judgment [Doc. 42] against Buddy Gregg and set an evidentiary hearing to determine damages for July 20, 2010. The Plaintiffs petitions for attorneys' fees were filed on June 14, 2010, and August 3, 2010, and were referred to the undersigned on November 23, 2010.

Buddy Gregg has not filed a response to the Petition for Fees and Costs [Doc. 43] nor the Supplemental Petition for Fees and Costs [Doc. 47], and the time for doing so has passed, see E.D. Tenn. LR 7.1(a). The Court finds the petitions to be ripe for adjudication, and for the reasons stated below they will be **GRANTED IN PART** and **DENIED IN PART**.

## II. ANALYSIS

The Plaintiffs request an award of both attorneys' fees and costs and expenses in this action. The Court will address each of these potential awards in turn.

### A. Attorneys' Fees

Pursuant to the Tennessee Consumer Protection Act, "Upon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(1).

In this case, the Court has entered a default judgment against Buddy Gregg [Doc. 42], the Court finds that this judgment satisfied the requirements of Tennessee Code Annotated § 47-18-109(e)(1), as to Buddy Gregg.[1]

Accordingly, the Court finds that the only issue before the Court is the reasonableness of the attorneys' fee award requested in this case. A determination of reasonable attorneys' fees and costs is necessarily a discretionary inquiry. Killingsworth v. Ted Russell Ford, Inc., 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002) (citing United Med. Corp. of Tenn. v. Hohenwald Bank & Trust Co., 703 S.W.2d 133, 137 (Tenn.1986)).

When determining the reasonableness of an award in cases governed by Tennessee law, including those governed by the Tennessee Consumer Protection Act, a court is to consider the factors laid out in the Tennessee Rules of Professional Conduct, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

---

[1] Though Country Coach LLC has been declared insolvent, no default judgment has been entered against Country Coach. Therefore, the Court has treated the Plaintiffs' requests for fees as applying only to Buddy Gregg, the defendant against whom a default judgment has been entered.

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent;
>
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, R. of Prof. C. 1.5(c); <u>Killingsworth</u>, 104 S.W.3d at 534.

The Court has considered the above factors in evaluating the requested award in this case. The Plaintiffs' request a total of $69,059.63 in attorneys' fees. [Doc. 47 at 1]. In support of this request, the Plaintiffs have submitted eighteen pages of hourly records. [Doc. 43-2]. The attorneys in this case, who respectively have two years of experience and twenty-five years of experience, have charged $150.00 per hour for their services, a rate that the Court finds to be reasonable given the subject matter of the suit and the rates typical in this region. The Court has reviewed the hours expended in this case, and the Court finds that the hours are sufficiently documented and were reasonably expended on necessary pleadings and actions in this case. Moreover, the Plaintiffs have been awarded a judgment in their favor and are the prevailing party.

Finally, pursuant to Local Rule 7.2, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." In this case, Buddy Gregg has not made a timely response in opposition to the request for attorneys' fees, and therefore, Buddy Gregg has waived any opposition to the relief sought.

Accordingly, the Court finds that the Plaintiffs' request for **$69,059.63** in attorneys' fees is reasonable, and the Court will **RECOMMEND** that this request be **GRANTED**.

**B.** **Taxation of Costs and Expenses**

Local Rule 54.1 governs taxation of costs in this District, and it instructs as follows:

> If counsel for the litigants in a civil case are able to agree on costs, they need not file a bill of costs with the Clerk. If counsel cannot agree, a bill of costs shall be filed by the prevailing party with the Clerk within 30 days from the entry of judgment. A copy of the bill of costs shall be served upon opposing counsel. The opposing party shall file written objections within 30 days from the date of service. The Clerk shall then assess the costs in accordance with the Court's Guidelines on Preparing Bills of Costs.

The petitions now before the Court do not certify that the Plaintiffs previously sought a determination of costs from the Clerk of Court, and it appears from the record that the issue of costs has not been properly presented to the Clerk of Court. Thus, the Court finds that the motions do not comply with Local Rule 54.1.

Accordingly, the Court finds that the Plaintiffs' requests for costs and expenses are not well-taken at this time, and the Court **RECOMMENDS** that they be **DENIED WITHOUT PREJUDICE**. The Plaintiffs may prepare a certificate of costs — in compliance with the Guidelines on Preparing Bills of Costs found at http://www.tned.uscourts.gov/docs/guidelines.pdf — to be filed with the Clerk of Court within **fifteen (15) days** of entry of the District Judge's order

ruling on this Report and Recommendation. The Clerk of Court will then assess costs pursuant to Local Rule 54.1, Federal Rule of Civil Procedure 54, and 28 U.S.C. §1920, as applicable.

The Court recognizes that the costs not assessed by the Clerk may also be awarded under Tennessee Code Annotated § 47-18-109(e)(1). Thus, the Court **RECOMMENDS** allowing the Plaintiffs **fifteen(15) days** from entry of the Clerk's Assessment of Costs, in which to file a final request for fees under Tennessee Code Annotated § 47-18-109(e)(1)

### III. CONCLUSION

In sum, the Court **RECOMMENDS**[2] that the Plaintiffs' Petition for Fees and Costs **[Doc. 43]** and Supplemental Petition for Fees and Costs **[Doc. 47]** be **GRANTED IN PART** and **DENIED IN PART**, as more fully explained above.

Respectfully Submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).