# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RONALD JONES AND DONALD JONES, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUDDY GREGG MOTOR HOMES, INC., ) <br> and COUNTRY COACH, LLC, ) <br> ) <br>     Defendants. ) | No. 3:08-CV-245 <br><br> (Phillips) |

## ENTRY OF DAMAGES AND ATTORNEY'S FEES

This matter is before the Court on the following motions:

■   Plaintiffs' Motion for Attorney Fees [Doc. 43];

■   Plaintiffs' Supplemental Motion for Attorney Fees and Costs [Doc. 47]; and

■   Plaintiffs' Motion for Judgment as a Matter of Law [Doc. 48].

The Court must now determine the amount that Plaintiffs should be awarded in attorney's fees, court costs, and damages. For the following reasons, Plaintiffs' motions [Docs. 43, 47, 48] are **GRANTED IN PART AND DENIED IN PART**. Accordingly, Plaintiffs shall be awarded $69,059.63 in attorney's fees, pursuant to the Tennessee Consumer Protection Act, T.C.A. § 47-18-109(e)(1). While the Court does not award court costs at this time, Plaintiffs shall have fifteen days from entry of this Order to present such matter to the Clerk of the Court. *See* Local Rule 54.1. Finally, the Court awards Plaintiffs $2,176,837.79 in actual damages, pursuant to T.C.A. § 47-18-109.

1

I. **ANALYSIS**

   A. **Attorney's Fees and Court Costs [Docs. 43, 47]**

On January 28, 2005, the Plaintiffs purchased a new motor home from defendant Buddy Gregg Motor Homes LLC ("Buddy Gregg"). [Plaintiffs' Complaint, Doc. 1-1, ¶ 10]. The motor home was manufactured by defendant Country Coach, LLC ("Country Coach"). [Id.]. The Plaintiffs allege that the motor home suffered from a variety of defects, including electrical issues, faculty doors, transmission hanging, defects in the toilet and tank system, defective heating and cooling systems, and more. [Id., ¶ 13-22]. Eventually, the Plaintiffs agreed to exchange the 2005 motor home for a 2007 model. [Id., ¶ 33-48]. Plaintiffs allege that the 2007 motor home suffered from numerous defects as well. [Id.].

On October 17, 2007, Plaintiffs filed suit against the Defendants in state court. [Plaintiffs' Complaint, Doc. 1-1]. Plaintiffs alleged that Defendants violated the Tennessee Consumer Protection Act ("TCPA"), T.C.A. § 47-18-101 *et seq.*, and the Uniform Commercial Code, as adopted in T.C.A. § 47-2-101 *et seq*. This action was removed to federal court on June 27, 2008. [Notice of Removal, Doc. 1].

On January 19, 2010, the Court granted Plaintiffs' Motion for Partial Summary Judgment [Doc. 32]. In its Memorandum and Order [Doc. 32], the Court held that Country Coach (the manufacturer of the motor homes) was insolvent within the meaning of the TCPA, T.C.A. § 29-28-106. [Id.]. Accordingly, an automatic stay was imposed against Country Coach, and Plaintiffs were allowed to pursue their TCPA claim against the seller of the motor home, Buddy Gregg. [Id.].

On April 19, 2010, the Clerk of the Court filed an Entry of Default [Doc. 40] against Buddy Gregg. On May 19, 2010, the Court entered Default Judgment [Doc. 42] against Buddy Gregg. On

July 20, 2010, the Court held an evidentiary hearing to determine damages.

On June 14, 2010, Plaintiffs filed a Petition for Attorney Fees [Doc. 43]. On August 3, 2010, Plaintiffs filed a Supplemental Petition for Attorney Fees and Costs [Doc. 47], requesting $69,059.63 in attorney's fees. [Id.]. These petitions were subsequently referred to United States Magistrate Judge C. Clifford Shirley [Order of Referral, Doc. 50].

On December 29, 2010, Magistrate Judge Shirley filed a Report and Recommendation ("R&R"), in which he recommended to grant in part and deny in part Plaintiffs' request for attorney's fees and costs. [Judge Shirley's R&R, Doc. 51]. In the R&R [Doc. 51], Judge Shirley recommended to grant Plaintiffs' request for $69,059.63 in attorney's fees, finding such amount reasonable under T.C.A. § 47-18-109(e)(1). [Id.]. While Judge Shirley recommended to grant Plaintiffs' request for attorney's fees, he recommended to deny (without prejudice) Plaintiffs' request for court courts. [Id.]. Judge Shirley recommended to deny court costs because the issue was not properly presented to the Clerk of the Court, pursuant to Local Rule 54.1.

At this time, the **Court adopts the R&R [Doc. 51] in its entirety**, whereby Plaintiffs' First Motion for Attorney Fees [Doc. 43] and Supplemental Petition for Attorney Fees and Costs [Doc. 47] are **GRANTED IN PART AND DENIED IN PART**. **Accordingly, the Court shall award $69,059.63 in attorney's fees, pursuant to T.C.A. § 47-18-109(e)(1). However, the Court will not award court costs at this time. As noted by Judge Shirley, such matter needs to be presented to the Clerk of the Court, pursuant to Local Rule 54.1. Plaintiffs may prepare a certificate of costs–in compliance with the Guidelines on Preparing Bills of Costs found at http://www.tned.uscourts.gov/docs/guidelines.pdf– to be filed with the Clerk of the Court within fifteen (15) days of entry of this Order. The Clerk shall then assess costs as applicable.**

**B.     Actual Damages  [Doc. 48]**

On May 19, 2010, the Court entered Default Judgment [Doc. 42] against Buddy Gregg.  On July 20, 2010, the Court held an evidentiary hearing to assess damages under the TCPA, which provides a private right of action for "any person who suffers an ascertainable loss of money or property, real, personal, or mixed . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part . . ." T.C.A. § 47-18-109(a)(1).  The Act provides treble damages for willful and knowing violations.  T.C.A. § 47-18-109(a)(3).  Treble damages are awarded "three times the actual damages sustained."  Id.

There are many different ways to calculate damages under the TCPA.  First, and most commonly used, courts measure the amount of damages by the diminution in value (to the item) caused by the defects.  However, Tennessee courts also recognize that plaintiffs may seek recision of the contract, and the return of the sales price.  *See* Smith v. Scott Lewis Chevrolet, Inc., 843 S.W.2d 9, 13 (Tenn. Ct. App. 1992).  In Smith, the buyer of a truck filed an action against the seller for unfair and deceptive trade practices, arguing that the seller misrepresented the condition of the truck.  Id.  While the seller argued that the diminuition in value was the appropriate measure of damages, the trial court applied a different test.  Id.  On review, the court of appeals affirmed the trial court's instruction that "[r]escission of a contract made as a result of an unfair or deceptive trade practice is a proper remedy available under the Tennessee Consumer Protection Act."  Id.  In particular, the court held that "[i]f a buyer seeks this remedy, it is entitled to recover the purchase price paid if the trial court rescinds the contract."  Id.

In Lorentz v. Deardan, the Tennessee Court of Appeals affirmed the trial court's decision to measure damages by the recision amount.  834 S.W.2d 316, 319 (Tenn. Ct. App. 1992).  In

4

affirming the trial court's award of treble damages, the court explained:

> Actions brought pursuant to the Tennessee Consumer Protection Act of 1977 are sui generis. However, in addition to actual damages, [the Act] empowers a court to grant whatever relief it determines to be 'necessary and proper.' Recission of a contract made as a result of an unfair or deceptive trade practice can be a proper remedy in an appropriate case.
>
> Accordingly, a defrauded buyer in Tennessee still has an 'absolute right' to rescind the contract of sale. If a buyer seeks this remedy, it is entitled to recover the purchase price paid if the trial court rescinds the contract.

Id. at 319 (citations omitted). *See also* Brungard v. Caprice Records, Inc., 608 S.W.2d 585 (Tenn. Ct. App. 1980) (upholding the trial court's order for recision and treble damages under the TCPA).

On August 3, 2010, Plaintiffs filed a brief on the issue of damages. [Doc. 48-1]. In their brief, Plaintiffs request $2,176,838.79 in damages. [Id.]. As Plaintiffs explain, this amount was calculated by the following method:

> In this case, the monetary damages include the original purchase price of the 2005 coach, which was traded in for credit on the 2007 coach, plus the additional cash paid above the trade in for the 2007 coach. The total of these amounts is $725,612.93. Three times this amount totals $2,176,838.79.

[Id., p.2]. Plaintiffs also filed a Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"), which the Court incorporates by reference. [Plaintiffs' Proposed Findings, Doc. 48-2]. As noted in Plaintiffs' Proposed Findings, there is sufficient evidence to rescind the contracts for the 2005 and 2007 motor homes. [Id.]. Consistent with the evidence offered during the damages hearing on May 19, 2010, Plaintiffs have provided a summary of the defects. [Id.]. There is ample evidence that these defects–which were numerous, substantial, and ongoing–were known by the seller, Buddy Gregg, at the time the motor homes were sold. Id. Accordingly, for all the reasons

stated by the Plaintiffs in their Proposed Findings [Doc. 48-2]–which is incorporated by reference–the Court rescinds the contracts for the sale of the 2005 and 2007 motor homes.

**In conclusion, Plaintiffs' Motion for Judgment as a Matter of Law [Doc. 48] is GRANTED, whereby the Court finds that Buddy Gregg violated the TCPA. Accordingly, the Court shall award treble damages in the amount of $2,176,838.79 for Buddy Gregg's willful and knowing violation of the TCPA, pursuant to T.C.A. § 47-18-109.**

## II.   CONCLUSION

Based upon the foregoing, Plaintiffs' motions [Docs. 43, 47, 48] are **GRANTED IN PART AND DENIED IN PART**.  Accordingly, Plaintiffs shall be awarded $69,059.63 in attorney's fees, pursuant to the TCPA, T.C.A. § 47-18-109(e)(1).  While the Court does not award court costs at this time, Plaintiffs shall have fifteen days from entry of this Order to present such matter to the Clerk of the Court.  *See* Local Rule 54.1.  Finally, the Court awards Plaintiffs $2,176,837.79 in actual damages, pursuant to T.C.A. § 47-18-109.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge